1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

7  BILL LIETZKE,                                                )        Case No. 2:13-cv-00547-LDG-PAL
                                                                        )
8                                          Plaintiff,          )        **REPORT OF FINDINGS AND**
                                                                        )        **RECOMMENDATION**
9  vs.                                                         )
                                                                        )        (IFP App - Dkt. #1)
10  CITY OF MONTGOMERY, et al.,                   )
                                                                        )
11                                        Defendants.    )
    _____)

12

13        Plaintiff Bill Lietzke is proceeding in this action pro se, has requested authority pursuant to

14  28 U.S.C. § 1915 to proceed in forma pauperis, and submitted a Complaint on April 1, 2013.  This

15  proceeding was referred to this court by Local Rule IB 1-9.

16        Plaintiff's Application to Proceed in Forma Pauperis is incomplete.  He has not fully responded

17  to Question 3.  Although he indicates he has receives monthly Social Security disability benefits and

18  Supplemental Social Security benefits, he has not stated whether or not he has received income from

19  any of the other listed sources.  In addition, even if Plaintiff had filed a completed Application, the

20  Complaint suffers from a number of deficiencies, and for the reasons set forth below, it will be

21  recommended that it be dismissed.

22        Plaintiff's Complaint attempts to state a claim under 42 U.S.C. § 1983 for various constitutional

23  violations.  Plaintiff is a resident of Montogomery County, Alabama.  It is unclear who Defendants

24  Reese McKinney and D.T. Marshall are because they are not specifically mentioned in the body of the

25  Complaint and are only named in the case caption.  Plaintiff claims that the Defendants violated his

26  rights under the First, Second, Third, Fourth, and Fifth Amendments.  Specifically, he claims that on

27  August 2, 1999, Defendants kidnapped him and involuntarily committed him to the Greil Memorial

28  Psychiatric Hospital in Montgomery, Alabama, without probable cause.  Subsequently, on August 9,

1   1999, Plaintiff claims Defendants brought him before the Montgomery County Probate Court and

2   initiated proceedings against him without probable cause.  On that same day, Defendants also took him

3   to Jackson Hospital and then on August 11, 1999, they brought him back to the Psychiatric Hospital.

4   Plaintiff also alleges that Defendants violated his First, Second, Third, Fourth, and Fifth Amendment

5   rights on December 19, 2002, when they kidnapped Plaintiff and "dragged" him without probable cause

6   to the Greil Memorial Psychiatric Hospital.  He asserts that on December 23, 2002, Defendants again

7   brought him before the Montgomery County Probate Court and instituted proceedings against him

8   without probable cause.  The same day, Defendants returned Plaintiff to the Psychiatric Hospital.

9       28 U.S.C. § 1915 provides that a court shall dismiss a complaint by a plaintiff proceeding in

10   forma pauperis where the complaint is frivolous, malicious, or fails to state a claim upon which relief

11   can be granted.  Plaintiff's § 1983 claims are time-barred.  Although the statute of limitations is usually

12   a matter to be raised as an affirmative defense, in an action proceeding under § 1983, the court may

13   consider affirmative defenses that are apparent on the face of the complaint.  *See Franklin v. Murphy,*

14   745 F.2d 1221, 1228-29 (9th Cir. 1984) (dismissal based on a complete defense which appears on the

15   face of the pleadings is distinguishable from the court's anticipation of potential defenses).

16       Section 1983 does not provide a specific statute of limitation, but 42 U.S.C. § 1988 provides

17   that where the federal law does not provide a statute of limitations, state law shall apply.  The Supreme

18   Court has held that in the interest of national uniformity and predictability, all section 1983 claims shall

19   be treated as tort claims for the recovery of personal injuries.  *See Wilson v. Garcia*, 471 U.S. 261

20   (1985); *Owens v. Okure*, 488 U.S. 235 (1989).  In *Owens,* the Supreme Court held that in section 1983

21   suits, the federal courts shall apply the general or residual statute of limitations for the forum state.  488

22   U.S. at 249-50.  In Nevada, the personal injury statute of limitations is two years.  *See* N.R.S.

23   11.190(4)(e).  Here, Plaintiff alleges the government conduct occurred in 1999 and 2002–fourteen and

24   ten years ago, respectively.  Thus, any claim Plaintiff could bring under section 1983 is time-barred.

25       Additionally, even if Plaintiff could state a claim this court lacks personal jurisdiction over

26   Montgomery County, Alabama and the Alabama defendants the Plaintiff is attempting to sue.  Under 28

27   U.S.C. § 1391(b), a civil action that is not founded solely on diversity of citizenship may be brought

28   only in: (1) a judicial district where any defendant resides, if all defendants reside in the same state; (2)

2

a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred; or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. *Id.* Here, the conduct about which Plaintiff complains occurred in Montgomery, Alabama, where Plaintiff resides.  Plaintiff does not allege Defendants live outside Montgomery, Alabama.  Therefore, the District of Nevada is not a proper forum for this case.

Finally,  this is at least the sixth time Plaintiff has filed this lawsuit in various courts across the country against these same Defendants. *See, e.g., Lietzke v. McKinney,* Case No. 07-cv-383-WKW-TFM (D. Ala. 2007) (case dismissed); *Lietzke v. McKinney,* Case No. RDB-07-1061 (D. Md. 2007) (case transferred for improper venue); *Lietzke v. County of Montgomery,* ST-06-1410 (D. Or. 2006) (case dismissed for lack of personal jurisdiction); *Lietzke v. City of Montgomery,* Case No. HA-06-1804 (D. Or. 2006) (case dismissed with prejudice); *Lietzke v. City of Montgomery*, Case No. MEF-03-584 (M.D. Ala. 2003) (motion to dismiss granted as to all federal claims).  Filing multiple complaints in multiple courts against the same defendants for the same alleged conduct  is an abusive litigation tactic that wastes the resources of the court and may result in sanctions, or declaring Plaintiff a vexatious litigant.

For all of these reasons,

**IT IS RECOMMENDED** that:

1.      Plaintiff's Application to Proceed In Forma Pauperis (Dkt. #1) be DENIED.

2.      The Clerk of the Court be directed to FILE Plaintiff's Complaint and that Plaintiff's Complaint be DISMISSED.

Dated this 15th day of July, 2013.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days after being

3

served with these findings and recommendations, any party may file written objections with the court. Pursuant to Local Rule of Practice (LR) IB 3-2(a), any party wishing to object to the findings and recommendations of a magistrate judge shall file and serve *specific written objections* together with points and authorities in support of those objections, within fourteen days of the date of service of the findings and recommendations.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's Order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  The points and authorities filed in support of the specific written objections are subject to the page limitations found in LR 7-4.